UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 06-607 PSG (Ex) | Date | July 29, 2008 |
|---|---|---|---|
| Title | Barber v. San Bernadino County Sheriff's Department, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order on Defendants' Motion for Summary Judgment on Plaintiff's Retaliation Claim**

Before this Court is Defendants' Motion for Summary Judgment on Plaintiff's Retaliation Claim. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

I.     <u>BACKGROUND</u>

John Barber ("Plaintiff"), a detainee at the West Valley Detention Center ("WVDC") brought this lawsuit against the San Bernardino County Sheriff's Department ("San Bernadino"), Deputy Sheriff Williams ("Deputy Williams"), and Deputy Sheriff Garcia ("Deputy Garcia" and collectively with San Bernadino and Williams, "Defendants") for civil rights violations. In his pro se form complaint, Plaintiff raises three claims against Defendants. Plaintiff alleges that Deputy Williams violated his civil rights by inappropriately touching Plaintiff while conducting a body search and making sexual comments. Plaintiff styles this claim as an equal protection claim and states that "Deputy Williams while under the color of authority persisted in a pattern of inappropriate touching and making comment [sic] sexually suggestive directed toward African Americans." Complaint, p. 5-2 (capitalization changed). Also, Plaintiff alleges that Deputy Garcia violated his civil rights by taking Plaintiff's medically prescribed hand splints as a direct and immediate reprisal for Plaintiff's complaints of sexual misconduct. Plaintiff's complaint labels his claim against Deputy Garcia a "due process" claim. Complaint, p. 5-3. Further, Plaintiff alleges that San Bernadino violated his civil rights by "discriminatory [sic] labeling Plaintiff's I.D. card assaultive, as a code to indicate Plaintiff was involved in altercation [sic] with officer." Complaint, p. 3 (capitalization changed). As with Plaintiff's claim against

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 06-607 PSG (Ex) | Date | July 29, 2008 |
|---|---|---|---|
| Title | Barber v. San Bernadino County Sheriff's Department, et al. | | |

Deputy Williams, Plaintiff labels his claim against San Bernadino an "equal protection" claim. Complaint, p. 5-1.

On August 27, 2007 Defendants filed a motion for summary judgment on all Plaintiff's claims. Plaintiff filed his opposition to Defendants' summary judgment motion on September 10, 2007. Then, on October 1, 2007, Magistrate Judge Eick forwarded his Report and Proposed Order and Judgment on Defendants' summary judgment motion to this Court.

On October 5, 2007, this Court adopted Magistrate Judge Eick's summary judgment order and ruled that all of Plaintiff's claims failed as a matter of law, with the exception of Plaintiff's retaliation claim against Deputy Garcia. The Court allowed Defendants to bring another summary judgment motion on the remaining claim. Defendants filed the current summary judgment motion on January 11, 2008. Plaintiff filed his opposition to the summary judgment motion on April 16, 2008.[1]

II.   FACTS

A.   Plaintiff's Inmate Grievances

Plaintiff is incarcerated in the West Valley Detention Center in San Bernadino County. On April 19, 2006, Plaintiff wrote out two "Initial Inmate Grievances" alleging misconduct by Deputy Williams. (Defendants' Evidence in Support of MSJ ("D's Evid."), Exh. A, Tab 1-A, p. 59-60.) Plaintiff alleged that Deputy Williams directed a pattern of sexual harassment at a class of prisoners including Plaintiff. (Id.) Also on April 19, 2006, Plaintiff wrote out another inmate complaint alleging that Deputy Garcia confiscated his hand splints to punish Plaintiff for filing his grievances against Deputy Williams.[2] (Id., p. 62.) In the inmate complaint against Deputy

---

[1] On June 5, 2008, Plaintiff filed a document entitled Affidavit: Request for Restraining Order. Though it is unclear whether Plaintiff was requesting a temporary restraining order or a preliminary injunction, Plaintiff's affidavit clearly does not satisfy the requirements to seek either a temporary restraining order or a preliminary injunction. Plaintiff does not clearly state a claim for which any defendant might be restrained or enjoined, and thus, the Court DENIES Plaintiff's requests in his Affidavit.

[2] On the form complaint, Plaintiff did not check the box indicating that it was an "Initial Inmate Grievance," although this is what Plaintiff's complaint appears to be.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 06-607 PSG (Ex) | Date | July 29, 2008 |
|---|---|---|---|
| Title | Barber v. San Bernadino County Sheriff's Department, et al. | | |

Garcia, Plaintiff stated that "Deputy Garcia lied stating he needed to check [Plaintiff's] medically prescribed splints for metal" and that Plaintiff's "medical splints which are an imparative [sic] necessity were wrongfully confiscated as an immediate reprisal for an 'inmate grievance' filed against an officer for his improper personalized sexual behavior, just two hours prior." (Id.)

Defendants have filed declarations suggesting that Plaintiff's splints were taken for the proper purpose of checking for potentially dangerous materials contained in the splints. Deputy Michael James Desouza ("Deputy Desouza") submitted a declaration stating that "[i]n April 2006, my supervisor, Sergeant Paul Schaefer, instructed me to obtain the wrist braces of inmate John Barber and scan them for the presence of metal or hard plastic" and that "I obtained the wrist braces from inmate Barber and scanned them with a metal detector, which detected metal or hard plastic in the braces." (D's Evid., Exh. A, Tab 2, ¶¶ 6-7.) Also, defendant Deputy Richard Garcia submitted a declaration in which he admits taking Plaintiff's hand splints for the purpose of having them tested for metal and hard plastic. Deputy Garcia's declaration states:

    ...
4.    The facts that I recall about plaintiff Barber's wrist splints being taken from him are as follows:

    A.    I was present when plaintiff Barber received his medical visit from the nurse at WVDC in approximately April 2006.
    B.    Sergeant P. Schaefer was also present when plaintiff Barber was visited by the nurse.
    C.    I recall when Sergeant Schaefer and I went to the control booth, Sergeant Schaefer asked me to return to the segment and have someone run the braces through the metal detector to determine if there was metal or hard plastic in the braces.
    D.    I returned to the segment and obtained the braces and gave them to a deputy, the identity of whom I cannot recall.
    E.    I did not run the braces through the metal detector.

5.    At the time I obtained plaintiff Barber's wrist braces, I did not know plaintiff Barber had submitted a grievance against Deputy Eric Williams.

(D's Evid., Exh. B, ¶¶ 4-5.) Thus, both Deputy Garcia and Deputy Desouza admit to having taken Plaintiff's hand splints on April 19, 2006, but they both claim that Plaintiff's hand splints

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 06-607 PSG (Ex) | Date | July 29, 2008 |
|---|---|---|---|
| Title | Barber v. San Bernadino County Sheriff's Department, et al. | | |

were taken to be tested for dangerous materials.

Defendants' documentary evidence further supports Defendants' claim that Plaintiff's hand splints were confiscated because they contained metal or hard plastic. On the "Inmate Grievance Investigation" report on Plaintiff's grievance against Deputy Garcia, the report states that the investigation was conducted on April 20, 2006, one day after the alleged incident. (D's Evid. Exh. A, Tab 1-A, p. 63.) In the report, Sergeant Schaefer admits to conducting the investigation, and he writes:

> Complaint:   Inmate Barber makes various false complaints about his wrist braces being taken from him.

> Findings:   I was present when your braces were taken. Deputy Desouza asked to see your braces and you gave then [sic] to him. He took them to Unit 6 where a metal detector detected metal. The splints were taken and placed on your personal property as they contained removable plastic and metal braces that could easily be fashioned into weapons.

> This grievance continues an abuse of the grievance system.

(Id.) Sergeant Schaefer further indicated, under the "Action Taken" heading, "Inmate Barber will receive a discipline for his abuse of the grievance system." (Id.)

However, Plaintiff claims that his hand splints were confiscated as retaliation for his grievances against Deputy Williams, and Plaintiff claims that his hand splints did not contain metal or hard plastic. In his April 19, 2006 inmate complaint against Deputy Garcia, Plaintiff claims that "[o]nce in the officers [sic] possession the splints were illegally confiscated, despite the fact that they contained no metal." (D's Evid., Exh. A, Tab 1-A, p. 62.) In his opposition to the current summary judgment motion, Plaintiff repeats his claim that his hand splints contained no metal or hard plastic. (Plaintiff's April 16, 2008 Opposition, p. 4, lines 16-18.)

B.      Subsequent Events

Plaintiff lodged his complaint with this federal district court on June 14, 2006. On June 16, 2006, Plaintiff's complaint was filed. Then on October 1, 2007, Magistrate Judge Eick forwarded to this Court his report and recommendation on Defendants' summary judgment motion on Plaintiff's lawsuit. Shortly thereafter on October 5, 2007, this Court adopted

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 06-607 PSG (Ex) | Date | July 29, 2008 |
|---|---|---|---|
| Title | Barber v. San Bernadino County Sheriff's Department, et al. | | |

Magistrate Judge Eick's summary judgment order and ruled that all of Plaintiff's claims failed as a matter of law, with the exception of Plaintiff's retaliation claim against Deputy Garcia.

III.   LEGAL STANDARD

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial. *See id.* at 257.

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party. *See Anderson*, 477 U.S. at 250-51.

If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence. Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue. *See* Fed. R. Civ. P. 56(e).

IV.   DISCUSSION

Presently, Defendants argue that the Court should grant summary judgment on Plaintiff's remaining retaliation claim against Deputy Garcia. Defendants argue that Plaintiff's retaliation claim is a claim grounded in the First Amendment right to petition the government and Plaintiff's claim fails because (1) Plaintiff cannot establish "a specific link between the alleged retaliation and the exercise of a constitutional right," (Defendants' Memo in Support of Summary Judgment, p. 8, lines 3-6) and (2) Plaintiff cannot refute that Deputy Garcia obtained Plaintiff's hand splints based on the reasonable advance of a legitimate correctional goal. Alternatively, Defendants argue that Defendant Garcia is protected by qualified immunity from Plaintiff's claim. The Court now addresses Defendants' arguments.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 06-607 PSG (Ex) | Date | July 29, 2008 |
|---|---|---|---|
| Title | Barber v. San Bernadino County Sheriff's Department, et al. | | |

A.      Whether Plaintiff Has Raised a Triable Issue of Fact Regarding His Retaliation Claim

At the outset, although Plaintiff titled his claim a "due process" retaliation claim, the Court finds that Plaintiff's claim is properly recognized as a First Amendment retaliation claim based on Plaintiff's attempts to petition the government for redress for his grievances. As the Ninth Circuit has explained:

> It has long been established beyond doubt that prisoners have a constitutional right of access to the courts. ... A prisoner's right to meaningful access to the courts, along with his broader right to petition the government for a redress of his grievances under the First Amendment, precludes prison authorities from penalizing a prisoner for exercising those rights. In some instances, prison authorities must even take affirmative steps to help prisoners exercise their rights. ...

> The right of meaningful access to the courts extends to established prison grievance procedures. ... The 'government' to which the First Amendment guarantees a right of redress of grievances includes the prison authorities, as it includes other administrative arms and units of government.

*Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (internal citations and quotation marks omitted). *See also Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005) ("Of fundamental importance to prisoners are their First Amendment 'right[s] to file prison grievances,' ... and to 'pursue civil rights litigation in the courts.'") (internal citations omitted).

Also, "[w]ithin the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 64 F.3d at 567-68.

Another district court has explained that "[t]o make a claim for retaliation, ... the inmate has the burden of showing that retaliation was the substantial or motivating factor behind the conduct of the prison official and that the alleged retaliatory acts did not advance the legitimate goals of the institution or were not narrowly tailored to achieve such goals. After such a showing, the burden shifts to the prison official to show that he would have engaged in the same conduct even if the inmate had not pursued any legal action." *Torricellas v. Poole*, 954 F. Supp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 06-607 PSG (Ex) | Date | July 29, 2008 |
|----------|------------------------|------|---------------|
| Title | Barber v. San Bernadino County Sheriff's Department, et al. | | |

1405, 1412 (C.D. Cal. 1997) (internal citations omitted), *aff'd*, 141 F.3d 1179 (9th Cir. 1998).

       1.     Was Retaliation the Substantial or Motivating Factor for the Confiscation of Plaintiff's Hand Splints?

Here, circumstantial evidence suggests that retaliation may have been a substantial factor in the confiscation of Plaintiff's hand splints.  First, Plaintiff's grievance form suggests that only two hours elapsed between the time Plaintiff filed a grievance against Deputy Williams and the subsequent confiscation of his hand splints.  While the timing alone might not be sufficient to raise a triable issue of material fact on Plaintiff's retaliation claim, *see Torricellas*, 954 F. Supp. at 1412-13, there is further evidence of the Defendants' retaliatory intent.  Plaintiff's grievance form also suggests that there was no metal or hard plastic in his hand splints, and therefore, Defendants' alleged non-retaliatory justification for the confiscation - that Defendants wished to test the splints - was a pretense.  With this circumstantial evidence, Plaintiff satisfies the first part of the test to succeed on a First Amendment retaliation claim.

Also, this evidence satisfies the first four elements of a successful claim for First Amendment retaliation in a prison context that the *Rhodes* court enumerated.  This evidence suggests (1) that a state actor, Deputy Garcia, confiscated Plaintiff's hand splints (2) because of (3) Plaintiff's protected activity of filing grievances, and that the confiscation (4) chilled Plaintiff's exercise of his First Amendment rights.  As the *Rhodes* court explained, harm that is more than minimal almost always has a chilling effect.  *Rhodes*, 408 F.3d at 568 f.n. 11.

       2.     Did the Confiscation of the Hand Splints Advance the Legitimate Goals of the Prison or Was the Confiscation Not Narrowly Tailored to Achieve the Goals?

However, Deputy Garcia has presented undisputed evidence that his confiscation of the hand splints advanced a legitimate prison goal.  Deputy Garcia's course of action merely included taking Plaintiff's splints for testing, and Deputy Garcia has established that he took no part in the decision to keep Plaintiff's hand splints from Plaintiff.  Deputy Garcia's action, the mere confiscation of Plaintiff's hand splints to be tested for metal or hard plastic, undeniably serves a legitimate institutional purpose in prisons.  Because of this legitimate purpose, Deputy Garcia would have taken Plaintiff's hand splints for testing whether or not he knew of Plaintiff's grievance against Deputy Williams.

       3.     Would the Prison Official Have Pursued the Same Course of Action

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 06-607 PSG (Ex) | Date | July 29, 2008 |
|----------|------------------------|------|---------------|
| Title | Barber v. San Bernadino County Sheriff's Department, et al. | | |

Despite Plaintiff's Grievance Filing?

Furthermore, as previously discussed, Deputy Garcia has presented undisputed evidence that establishes that he would have pursued the same course of action despite the filing of Plaintiff's grievance against Deputy Williams. Deputy Garcia merely took Plaintiff's hand splints for testing and took no part in the decision to prolong the confiscation of the hand splints. Deputy Garcia's action - taking the hand splints for testing - clearly served a legitimate prison goal and was justified without regard to any of Plaintiff's actions.

Consequently, Deputy Garcia has successfully met his burden to defeat Plaintiff's First Amendment retaliation claim. Because Deputy Garcia is the only remaining defendant in the case and Plaintiff's First Amendment retaliation claim was not asserted against any other defendants, Plaintiff's retaliation claim fails.

B.    Qualified Immunity

Alternatively, Deputy Garcia is protected from Plaintiff's retaliation claim by qualified immunity. The U.S. Supreme Court has established that, under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982) (citations omitted). Here, Deputy Garcia is shielded by qualified immunity because his conduct did not violate Plaintiff's First Amendment right to seek redress from prison officials for grievances. Deputy Garcia would have taken the same action regardless of whether Plaintiff had filed a grievance with the prison officials, and this finding defeats Plaintiff's claim for a First Amendment violation.

In summary, Plaintiff's claim for First Amendment retaliation fails as a matter of law. The evidence suggests that, although the confiscation of Plaintiff's hand splints may have served a retaliatory purpose, Deputy Garcia has presented undisputed evidence that shows he would have taken the same actions regardless of Plaintiff's grievance filings. Also, Deputy Garcia is protected by qualified immunity.

V.    <u>CONCLUSION</u>

For the foregoing reasons, the Court GRANTS Defendants' Motion for Summary Judgment. Also, the Court DENIES Plaintiff's requests in his June 5, 2008 "Affidavit: Request

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 06-607 PSG (Ex) | Date | July 29, 2008 |
|----------|------------------------|------|---------------|
| Title | Barber v. San Bernadino County Sheriff's Department, et al. | | |

for Restraining Order."

The Court orders Defendants to submit a proposed judgment within ten days from the date of entry of this order.

**IT IS SO ORDERED.**